Claire Loebs Davis, WSBA #39812
ANIMAL & EARTH ADVOCATES, PLLC
2226 Eastlake Ave E #101
Seattle, WA 98102
Tel: (206) 601-8476
claire@animalearthlaw.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KETTLE RANGE CONSERVATION GROUP,<br><br>Plaintiff,<br><br>v.<br><br>U.S. FOREST SERVICE, GLENN CASAMASSA, Pacific Northwest Regional Forester, U.S. Forest Service, RODNEY SMOLDON, Forest Supervisor, Colville National Forest, TRAVIS FLETCHER, District Ranger, Republic Ranger District, U.S. Forest Service.<br><br>Defendants. | Case No. 2:21-cv-161<br><br>**MOTION FOR LEAVE TO CONSIDER EXTRA-RECORD EVIDENCE IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

Plaintiff respectfully moves this Court to consider extra-record evidence offered in support of its Motion for Summary Judgment filed concurrently herewith.

Plaintiff is offering two documents for the Court's consideration:

(1) Mark G. Henjum, et al., INTERIM PROTECTION FOR LATE SUCCESSIONAL FORESTS, FISHERIES, AND WATERSHEDS: NATIONAL FORESTS EAST OF THE CASCADE CREST, OREGON AND WASHINGTON 17 (1994) (filed as Exhibit A to the concurrently filed Declaration of Claire Loebs Davis ISO Motion for Summary Judgment); and

(2) Jerry F. Franklin and K. Norman Johnson, *A Restoration Framework for Federal Forests in the Pacific Northwest,* JOURNAL OF FORESTRY 110:429-39 (2012) (filed as Exhibit B to the Davis Declaration).[1]

## I. FACTS

The Northeast Washington Forest Coalition ("NEWFC") cited both of the proffered documents in an objection filed with the U.S. Forest Service to the 2019 Colville National Forest Land Management Plan ("2019 Forest Plan") *See* AR 05571 (Exhibit A); AR 05572 (Exhibit B). At all relevant times to this litigation, Plaintiff was a member of the NEWFC Board, and participated in comments and objections

---

[1] In addition, Plaintiff attached multiple exhibits to the concurrently filed Declaration of Timothy J. Coleman. However, those exhibits are not included in this motion, because they are submitted for the purposes of demonstrating standing, and issue which is not subject to review on the administrative record.

MOT. TO CONSIDER EXTRA-RECORD EVIDENCE - 1

ANIMAL & EARTH ADVOCATES, PLLC
2226 EASTLAKE AVE E #101
SEATTLE, WA 98102
206.601.8476  FAX: 206.456.5191

NEWFC filed with the Forest Service. *See* Declaration of Timothy J. Coleman ¶ 5.

Counsel for Plaintiff asked the Forest Service to include Davis Declaration Exhibit A in the administrative record, but counsel for Defendants declined. Davis Declaration ¶ 2; Counsel for Defendants also declined Plaintiff's request to consider Exhibit B as incorporated into the record by reference. *Id.* ¶ 3.

## II.    ARGUMENT

For claims challenging agency actions under the Administrative Procedure Act, 5 U.S.C. § 706(2), evidence is generally limited to the administrative record. *See Lands Council v. Powell*, 395 F.3d 1019, 1029 (9th Cir. 2005); *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 420 (1971). However, the Ninth Circuit recognizes exceptions to this general rule:

> (1) if admission is necessary to determine whether the agency has considered all relevant factors and has explained its decision, (2) if the agency has relied on documents not in the record, (3) when supplementing the record is necessary to explain technical terms or complex subject matter, or (4) when plaintiffs make a showing of agency bad faith.

*Sw. Ctr. for Biological Diversity v. USFS*, 100 F.3d 1443, 1450 (9th Cir.1996); *see also Powell*, 395 F.3d at 1030 ("These limited exceptions operate to identify and plug holes in the administrative record."). Reviewing courts should thus consider extra-record evidence when it is "for the limited purposes of ascertaining whether the agency considered all the relevant factors or fully explicated its course of conduct or grounds of decision." *Asarco,Inc. v. E.P.A.*, 616 F.2d 1153, 1160 (9th Cir. 1980).

As explained in the concurrently filed Moton for Summary Judgment, the proffered records are extra-record evidence to aid the Court in determining whether the Forest Service considered all relevant factors in deciding to issue the final Record of Decision for the 2019 Forest Plan. Namely, these documents are scientific articles cited by Plaintiff's objection to the Plan, and integral to understanding the importance of the "Eastside Screens" standard protecting old-growth forests, which the 2019 Plan discontinued.

It is therefore appropriate for the Court to consider these documents as extra-record evidence. *See Inland Empire Pub. Lands Council v. U.S. Forest Serv.*, 88 F.3d 754, 760 n.5 (9th Cir. 1996) ("To the extent [the extra-record] declaration is submitted to show that the [agency] overlooked factors relevant to a proper population viability analysis, we will consider it."); *Am. Bar Ass'n v. United States Dep't of Educ.,* 370 F. Supp. 3d 1, 39 (D.D.C.) (consideration of such evidence is "precisely what the exceptions to the general rule in APA cases permit," especially where the evidence tends to contradict the Defendant's position in litigation).

## CONCLUSION

For these reasons, Plaintiff respectfully requests that this Court consider the documents submitted concurrently as Exhibits A and B to the Davis Declaration.

MOT. TO CONSIDER EXTRA-RECORD EVIDENCE - 3

ANIMAL & EARTH ADVOCATES, PLLC
2226 EASTLAKE AVE E #101
SEATTLE, WA 98102
206.601.8476  FAX: 206.456.5191

1  ANIMAL & EARTH ADVOCATES, PLLC

2

3  /s/ Claire Loebs Davis
Claire Loebs Davis
4  2226 Eastlake Ave E #101
Tel: (206) 601-8476
5  claire@animalearthlaw.com

6  *Attorney for Plaintiff*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

MOT. TO CONSIDER EXTRA-RECORD EVIDENCE - 4

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 12, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/EMF system, which will send notification of this filing to all counsel of record.

*/s/ Claire Loebs Davis*
Claire Loebs Davis