Claire Loebs Davis, WSBA #39812
ANIMAL & EARTH ADVOCATES, PLLC
20520 105th Ave SW
Vashon, WA 98070-6557
Tel: (206) 601-8476
claire@animalearthlaw.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KETTLE RANGE CONSERVATION GROUP, | Case No. 2:21-cv-00161 SAB |
| Plaintiff, | **JOINT STATUS REPORT** |
| v. | |
| U.S. FOREST SERVICE, GLENN CASAMASSA, Pacific Northwest Regional Forester, U.S. Forest Service, RODNEY SMOLDON, Forest Supervisor, Colville National Forest, TRAVIS FLETCHER, District Ranger, Republic Ranger District, U.S. Forest Service. | |
| Defendants. | |

By and through their counsel of record, Plaintiff Kettle Range Conservation Group and Defendants U.S. Forest Service ("Forest Service") and Glenn Casamassa, Rodney Smoldon, and Travis Fletcher (collectively, the "Parties") hereby submit their joint status report in response to the Court's June 21, 2023 Order Granting Plaintiff's Summary Judgment, which directed the Parties to meet and confer and notify the Court regarding what the next steps should be for this case, if any. ECF No. 74 ("Summary Judgment Ruling") at 22.

The Parties met via videoconference on June 30, 2023, to discuss potential agreements regarding next steps. The Parties exchanged further communications by email subsequent to that meeting, but have been unable to come to agreement, necessitating further briefing and action by the Court. The Parties' positions are stated below.

### I. Plaintiff's position

Additional briefing and Court action is necessary to clarify the implications of the Court's Summary Judgment Ruling and may be required regarding the payment of Plaintiff's fees and costs. Plaintiff intends to file a motion asking the Court to consider the following:

1. The implications of the fact that Defendants did not shut down work on the Sanpoil Project after the Court entered judgment on June 21 vacating the project. Plaintiff visited the Sanpoil Project area on June 29, July 1, and July 5, and documented the continuation of work. Counsel for Plaintiff raised these concerns with counsel for Defendants, who confirmed that some project work continued after

JOINT STATUS REPORT - 1

June 21 and indicated that the Forest Service did not suspend the contract for the Project until July 5. Plaintiff asserts that it was unlawful for the Forest Service to allow any work to continue on the Sanpoil Project until it had completed the Environmental Impact Statement ordered by the Court, finished review under the National Environmental Policy Act ("NEPA"), and issued a new record of decision. Plaintiff will seek appropriate remedies from the Court, up to and including potential penalties and sanctions.

      2.     The impact of vacatur of "relevant portions" of the 2019 Colville Forest Plan. *See* Summary Judgment Ruling at 22. Plaintiff's position is that the Large Tree Management Guideline (FW-GDL-VEG-03) has been vacated and replaced by the applicable provisions of the 1988 Colville Forest Plan, as amended, namely the 21-Inch Rule. Plaintiff also contends that the Summary Judgment Ruling recognized that the removal of the 21-Inch Rule and the resultant impacts on old growth forests created a cumulatively significant impact, which would require the Forest Service to develop an EIS before it adopts another provision to replace the 21-Inch Rule. *See, e.g.*, Summary Judgment Ruling at 21 ("[T]he Sanpoil Project sets a precedent for future actions that utilize the new old-growth guideline, each of which may be individually insignificant, but create a cumulatively significant impact when applying the new guideline.")

      3.     The consequences of the vacatur on other projects developed under the 2019 Plan's Large Tree Management Guideline. The Forest Service is currently proceeding on multiple logging projects that will rely on the Large Tree

JOINT STATUS REPORT - 2

Management Guideline to cut trees over 21 inches DBH, including but not limited to the Bulldog Project, approved on April 22, 2022, and the Chewelah A to Z Stewardship Project, approved on January 12, 2023. Plaintiff's position is that since the Court has vacated the portion of the 2019 Plan containing the Large Tree Management Guideline, no further work can proceed under that guideline, and current and ongoing projects developed under the guideline must be modified accordingly. In the absence of such a directive from the Court, Plaintiff and other parties will need to bring duplicative and unnecessary litigation against each ongoing project to challenge the Service's reliance on a guideline vacated by the Court.

Plaintiff disagrees with Defendants' contention that the motion described above is untimely and will respond to that contention in briefing. In regard to Defendants' position that Plaintiff's motion "should be filed now," it is unfortunately impossible to meet that demand, because Defendants did not provide their final response to Plaintiff's June 30, 2023 proposal for agreement until two days ago, on Wednesday, July 19, 2023.

However, it is urgent to resolve the questions discussed above to prevent the continuation of logging projects based on a guideline the Court has invalidated, potentially resulting in irreparable harm to the Colville's old-growth forests. To avoid the need for preliminary injunctive relief, Plaintiff thus suggests a briefing schedule that will allow these matters to be briefed as quickly as possible given the time constraints of counsel, as follows:

JOINT STATUS REPORT - 3

- Plaintiff will file its opening brief on or before August 16, 2023.[1]
- Defendants will file their response on or before September 8, 2023.
- Plaintiff will file any reply on or before September 15, 2023.

Finally, Plaintiff is working to finalize its invoices for the costs and fees incurred in litigating this case, which are payable under Section 2412(d) of the Equal Access to Justice Act. 28 U.S.C. § 2412(d). If the Parties cannot reach agreement regarding the payment of these invoices, Plaintiff will file a separate motion at a later point in time asking the Court to grant an award of costs and fees.

**II.    Defendants' position**

Federal Defendants will respond to Plaintiff's allegations in briefing, but state the following now in response to Plaintiff's allegations above:

1. As to the Sanpoil Project, Federal Defendants disagree with Plaintiff's characterization of the Forest Service's compliance with the Court's decision. Following issuance of the Court's Order, the Forest Service worked diligently and expeditiously, with the contractor and internally, to ensure compliance with the Order.

2 & 3. Plaintiff's purported "motion for clarification" must be rejected as an untimely motion to alter or amend the judgment under Fed. R. Civ. P. 59(e) and 6(b)(2). Further, it would not be appropriate for the Court to direct the agency's action on remand by dictating the type of National Environmental Policy Act

---

[1] Counsel for Plaintiff has another brief due in the Washington state court of appeals on August 7, 2023. Plaintiff had asked Defendants to consult regarding the briefing schedule, but failing that, has adjusted its initial proposed schedule to account for the conflict that Defendants describe below, without incurring undue delay.

JOINT STATUS REPORT - 4

ANIMAL & EARTH ADVOCATES, PLLC
20520 105TH AVE SW
VASHON, WA 98070-6557
206.601.8476

1  ("NEPA") analysis that the agency must prepare for an action that the agency has
2  not developed or proposed. Nor would it be appropriate to retroactively apply the
3  Court's Order to project decisions not before the Court and not challenged by
4  Plaintiff.

5        Regarding scheduling, as noted, Plaintiff's motion to alter or amend the
6  judgment is untimely and cannot be extended under Fed. R. Civ. P 6(b)(2). Even if
7  Plaintiff's motion were somehow permitted, it should be filed now so that Federal
8  Defendants can consider any ruling as part of the Notice of Appeal, which must be
9  filed on or around August 21. Finally, if the Court permits further briefing and adopts
10 Plaintiff's schedule, Federal Defendants do not agree with the schedule proposed
11 above. Counsel for Federal Defendants will be in training during the week of August
12 21-25. Thus, Federal Defendants request until September 15, 2023 to file their
13 response to accommodate that commitment and the Labor Day holiday.

14       Lastly, Federal Defendants will respond to Plaintiff's EAJA petition should
15 the parties be unable to negotiate a resolution without judicial involvement.

17       Respectfully submitted this 21st day of July 2023.

18                             ANIMAL & EARTH ADVOCATES, PLLC

19       *s/ Claire Loebs Davis*
      Claire Loebs Davis
20       20520 105thh Ave SW
      Vashon, WA 98070-6557
21       Tel: (206) 601-8476
22       claire@animalearthlaw.com

23       *Attorney for Plaintiff*

JOINT STATUS REPORT - 5

```
TODD KIM
Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division
```

*s/ Paul G. Freeborne*

PAUL G. FREEBORNE
Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044-7611
Tel: (202) 532-5271
Fax: (202) 305-0506
paul.freeborne@usdoj.gov

*Attorney for Defendants*

JOINT STATUS REPORT - 6