# EXHIBIT A



| | | |
|---|---|---|
| **Forest Service** | **Republic Ranger District** | **650 East Delaware Avenue**<br>**Republic, WA 99166**<br>**509-775-7400** |

**File Code:** 1950                                                   **Date:** January 24, 2022
**Route To:**

**Subject:** Withdrawal of Treatments in the Lynx Analysis Areas from the Sanpoil Decision

**To:** Rodney Smoldon, Forest Supervisor


I am writing to document a change in the Sanpoil Decision Notice that was signed on December 11, 2020. I am dropping the units in this project that fall within Lynx Analysis Units (LAUs). This change is effective immediately.

The Sanpoil Decision Notice authorized 8,410 acres of silvicultural treatment (EA at 16); 19,129 total acres of fuel treatments (EA at 16); and supporting road work including decommissioning of 2.62 miles of road (EA at 26), constructing four miles of temporary road, and reopening eight miles of existing temporary road templates (EA at 23). The decision also authorized the obliteration of up to 67 miles of existing non-system road templates.

The purpose of the project is to:
- Promote forest health and resiliency to foster conditions that are less prone to disturbance events including insects, disease, and wildfire;
- Promote water quality, watershed function, and aquatic habitat with treatments designed to maintain or improve aquatic habitat; and;
- Support infrastructure and jobs in the Tri-County area by providing sustained production of wood fiber in various forms consistent with multiple-use objectives of the Forest Plan.

This project was proposed to the Colville National Forest by the Confederate Tribes of the Colville Reservation under the Tribal Forest Protection Act (TFPA), in an area designated as a priority for treatment by the State of Washington, under the Healthy Forest Restoration Act. This TFPA project is designed to restore lands to reduce threats such as wildfire, insects, and disease that pose a risk to tribal trust lands located on the Colville Reservation.

On May 12, 2021, Kettle Range Conservation Group (KRCG) filed a lawsuit against the Colville National Forest alleging that the EA does not adequately disclose the effects of the project and consider a reasonable range of alternatives, that the Forest Service should have completed an EIS, and that the project is not consistent with the certain aspects of the 2019 Forest Plan. On May 17, 2021, the Forest Service and U.S. Fish and Wildlife Service (USFWS) received a 60-day Notice of Intent (NOI) to Sue from KRCG alleging that the agencies violated the Endangered Species Act (ESA) by failing to ensure the project does not jeopardize the Canada lynx and for failing to reinitiate consultation to consider new information.

On August 3, 2021, KRCG filed an amended complaint that added claims under the ESA alleging an inadequate Biological Assessment of impacts to lynx. On November 26, 2021 the



Rodney Smoldon, Forest Supervisor                                                                                                   2

plaintiff filed a second NOI to assert additional ESA claims against the Colville National Forest and the USFWS for failing to consider best available science, failing to consider the portion of the Lynx Analysis Unit that lies on Colville Confederated Tribal Lands, failing to assess impacts to the population of lynx, and failing to reinitiate consultation based on new information of lynx release on tribal lands and the impacts of the Summit Trail fire that burned in a portion of the lynx analysis unit on tribal lands.

I have decided it is in the best interest of the government and the public to drop treatments in the Hall Creek and West Sherman LAUs due to the potential loss of habitat caused by the Summit Trail fire and potential for the Walker and Sherman Pass projects to still be affecting suitable habitat in the LAUs. Unit 557 will be dropped from the Hall Creek LAU. Units, or portions thereof, that will drop from the West Sherman LAU include: 1, 7, 9, 10, 11, 12, 16, 17, 20, 21, 24, 25, 90, 117, 118, 121, 175, 176, 197, 198, 201, 202, 203, 204, 219, 220, 224, 531, 541, 542, 547, 550, 558, and 560. For units that fall only partly inside the LAU, treatment of those acres outside the LAU would still be authorized to proceed under the Sanpoil Decision Notice.

Based on the information available today, dropping these units in the LAUs ensures Forest Plan compliance with FW-STD-WL-03 and FW-STD-WL-05. FW-STD-WL-03 provides for no more than 15% of lynx habitat within any single lynx analysis unit to be changed to an unsuitable condition in any 10-year period. FW-STD-WL-05 states that projects may not reduce the suitability of lynx habitat within a lynx analysis unit below 70 percent of the area that is capable of providing suitable lynx habitat (in subalpine fir-associated forest types).

For the Hall Creek LAU, the Summit Trail fire as well as previous treatments on Colville Confederated Tribal Lands, combined with the Sanpoil project could have resulted in more than a 15% change to suitable lynx habitat within this LAU in a ten-year period and less than 70% suitable lynx habitat in the area that can provide such habitat. The Summit Trail Fire, which was ignited by lightning July 12, 2021, burned 49,550 acres on the Colville Reservation. The fire was not contained until October 31, 2021; and burned thousands of acres of lynx habitat in the Hall Creek LAU. Dropping units in the Hall Creek LAU from the Sanpoil decision will allow additional time to ensure forest plan consistency, further consider the effects of the Summit Trail fire, and better understand how that event impacted the Hall Creek LAU. Unit 557, which makes up the shaded fuel break in the Hall Creek LAU will be dropped from the Sanpoil decision.

For the West Sherman LAU, treatments authorized under the Walker project and the Sherman Pass project, combined with the Sanpoil project could have resulted in more than a 15% change to suitable lynx habitat within this LAU in a ten-year period. Dropping the units in the West Sherman LAU from the Sanpoil decision, allows for further analysis and consideration to ensure this standard is met. I considered the option to stage treatments to remain under the 15% change threshold, however I decided against this option in favor of an approach that simplifies implementation of the project. Most of the Sanpoil project is within dry forest that is vulnerable to uncharacteristic fire. It is important to move forward with implementation on these other high priority areas.

There is a small portion (0.8 acres) of unit 502 that has been pre-commercially thinned and piled. This unit lies along the 2050110 road in the West Sherman LAU and is a maintenance treatment

Rodney Smoldon, Forest Supervisor                                                                                                  3

of the 2009 Hall Creek thinning.  The 0.8 acres of unit 502 is non-lynx habitat as it is below 4,100 feet. Burning of the piles created in this portion of the LAU would still be authorized. This is the only action in either of the LAUs that would continue under the Sanpoil Decision Notice.

I have directed my team to confer with the U.S. Fish and Wildlife Service to determine whether to reinitiate Endangered Species Act consultation for the Sanpoil Project based on the changes resulting from the Summit Trail fire and the changes to treatments within the LAUs documented in this letter.

I have determined that the effects of treating fewer acres, by dropping treatments from the LAUs, still falls within the range of effects that were analyzed with the Sanpoil environmental analysis. The decision notice and finding of no significant impact are still valid, for the remaining units.

Sincerely,


TRAVIS FLETCHER
District Ranger

Cc: Stacey Grimes, Dori Abernathy, Rebecca Harrison, Christy Merritt

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed with the Clerk of the Court on February 5, 2024, using the Court's electronic filing system, which will send notification of said filing to the attorneys of records that have, as required, registered with the Court's system.

                                      /s/ *Clair Loebs Davis*
                                      Claire Loebs Davis