Claire Loebs Davis, WSBA #39812
ANIMAL & EARTH ADVOCATES, PLLC
20520 105th Ave. SW
Vashon, WA 98070-6557
Tel: (206) 601-8476
claire@animalearthlaw.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KETTLE RANGE CONSERVATION GROUP,<br><br>Plaintiff,<br><br>v.<br><br>U.S. FOREST SERVICE, GLENN CASAMASSA, Pacific Northwest Regional Forester, U.S. Forest Service, RODNEY SMOLDON, Forest Supervisor, Colville National Forest, TRAVIS FLETCHER, District Ranger, Republic Ranger District, U.S. Forest Service.<br><br>Defendants. | Case No. 2:21-cv-00161 SAB<br><br>**PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES AND EXPENSES** |

## I. INTRODUCTION

Plaintiff Kettle Range Conservation Group hereby applies for an award of attorneys' fees, costs, and other expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Plaintiff is entitled to the full amount requested: Plaintiff was the prevailing party; the Court's summary judgment order found in favor of Plaintiff on all five claims; and the federal defendants' position was not substantially justified.

Plaintiff files this application now to meet the deadline set by the EAJA. However, the parties have concurrently filed a stipulated motion asking the Court to stay further proceedings on this fee application for two months, to allow them to explore the possibility of settling the issue of fees and costs without further litigation.

## II. ARGUMENT

Plaintiff seeks attorneys' fees and costs for claims brought under the Administrative Procedure Act ("APA"), the National Environmental Policy Act ("NEPA"), and the National Forest Management Act, ("NFMA") on which the Court found in its favor, as well as for the for the claim brought under the Endangered Species Act, which was resolved without litigation.

### A. Plaintiff's Application is Timely

Plaintiff's application for attorneys' fees and costs is timely. Under the EAJA, a party prevailing in an action brought against a U.S. agency may submit an application for fees and other expenses within 30 days of a judgment that is "final and not appealable." 28 U.S.C.S. § 2412 (d)(1)(A-B), (d)(2)(G); *see also Al-Harbi v. INS*, 284 F.3d 1080, 1082 (9th Cir. 2002) ("applications for awards of attorneys' fees must be filed 'within 30 days of final judgment'") (quoting 28 U.S.C. § 2412(d)(1)(B)).

The Court's judgment became final on January 5, 2024, when the Ninth Circuit Court of Appeals issued an order granting appellants' unopposed motion to dismiss their appeal. ECF No. 85. As the 30th day following that order fell on Sunday, February 4, 2024, the EAJA filing deadline is the next weekday, Monday, February 5, 2024. Accordingly, Plaintiff has timely filed its application for attorneys' fees.

### B. Plaintiff is the Prevailing Party

Under EAJA, a court shall award fees and costs to a prevailing party unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. *Al-Harbi*, 284 F.3d at 1084. A plaintiff does not need to succeed on every claim to be considered the prevailing party, "[r]ather, a plaintiff prevails if he 'has succeeded on any significant issue in

litigation which achieved some of the benefit sought in bringing suit.'" *Carbonell v. Immigration & Naturalization Serv.*, 429 F.3d 894, 900 (9th Cir. 2005).

However, in this case, Plaintiff succeeded on every claim and achieved momentous results. Prior to final judgment, Plaintiff prevailed on an ESA claim related to Canada lynx that it raised in two notices of intent to sue, dated May 17, 2021 and November 26, 2021, which resulted in Defendants' January 24, 2022 decision to withdraw all Lynx Analysis Units from the Sanpoil Project. Exhibit A (letter announcing withdrawal). The Court granted judgment for Plaintiff on every remaining issue in its June 21, 2023 Order Granting Plaintiff's Motion for Summary Judgment, including on claims raised under the APA, NEPA, and NFMA. ECF No. 74. That Order also granted the full remedy Plaintiff requested, vacating both the Sanpoil Project and the challenged section of the 2019 Colville National Forest Management Plan ("2019 Plan"). *Id.*

**C. Defendants' Position was Not Substantially Justified**

To defeat a fee application, a defendant agency must prove that its position was clearly reasonable. *Williams v. Bowen*, 966 F.2d 1259, 1261 (9th Cir. 1991). Under the EAJA, a federal agency may avoid a fee award to a prevailing plaintiff only if it proves that its position both prior to and during the litigation was substantially justified. *Rawlings v. Heckler*, 725 F.2d 1192, 1196 (9th Cir. 1984).

Here, the Court held that the Forest Service acted in a way that was arbitrary, capricious, and contrary to law when it (1) offered explanations for the 2019 Plan's abandonment of Eastside Screens that ran counter to the evidence before the agency, in violation of NFMA; (2) failed to meaningfully acknowledge or discuss any adverse effects of rescinding Eastside Screens, in violation of NEPA; (3) failed to adequately analyze the cumulative and site-specific impacts of the Sanpoil Project, in violation of NEPA; (4) failed to meaningfully assess the Sanpoil Project's impact on gray wolves, wolverine, bat species, and bird and invertebrate species, in violation of NEPA and NFMA; and (5) failed to prepare an EIS to evaluate the Sanpoil Project, in violation of NEPA. ECF No. 74. Under these circumstances, the Forest Service cannot demonstrate that its position was substantially justified.

### D. Plaintiff is Eligible for an EAJA Award

Plaintiff is a small nonprofit organization that is exempt from taxation under § 501(c)(3) of the Internal Revenue Code, and which has only a single employee. Accordingly, the Petition satisfies the EAJA eligibility requirements for an award of fees and costs. *See* 28 U.S.C. § 2412(d)(2)(B).

### E. Plaintiff is Entitled to Enhanced Attorney Rates

Although the EAJA sets a base rate of $125 per hour, it also provides that a court may award higher rates if it "determines that an increase in the cost of living

or a special factor … justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Plaintiff is entitled to enhanced rates for its attorneys' time because of their unique and specialized expertise in environmental litigation, as well as the limited availability of qualified environmental litigators for this type of proceeding.

Reimbursement above the EAJA rate is allowed where an attorney is "'qualified for the proceedings' in some specialized sense." *Pierce v. Underwood*, 487 U.S. 552, 572 (1988) (courts compensate attorneys for "having some distinctive knowledge or specialized skill needful for the litigation in question"). The Ninth Circuit has expressly recognized environmental law as a specialized practice area warranting fee enhancements under EAJA. *See Love v. Reilly*, 924 F.2d 1492, 1496 (9th Cir. 1991) ("Environmental litigation is an identifiable practice specialty that requires distinctive knowledge.")

Plaintiff's attorneys have extensive environmental litigation expertise under both state and federal law. Lead attorney Claire Loebs Davis is a 2003 law school graduate who has been practicing environmental law since 2012. She is a founder and managing partner of Animal & Earth Advocates, a law firm that focuses exclusively on environmental work, and formerly served as a partner at Lane Powell and head of its Animal and Earth Practice Group. Ann Prezyna is a 1976 law school graduate who is a co-founder and partner with Animal & Earth Advocates. She was of counsel with Lane Powell and a member of its Animal and

Earth Practice Group, served as the General Counsel for Sea Shepherd Conservation Society, and spent over 25 years as counsel for the Environmental Protection Agency (EPA), including as the deputy regional counsel and acting regional counsel of EPA Region 10. Jon Haber is a 1988 law school graduate who served as a planner for the Forest Service for more than 30 years and was involved in drafting some of the regulations at issue in this case.

Courts in this circuit examine the hourly rates charged for work performed by attorneys of comparable skill, experience, and reputation in the relevant legal "community" when determining the reasonableness of hourly rates. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011) (*per curiam*). Generally, the relevant legal community is the forum in which the District Court sits, but rates outside the forum may be used "if local counsel was unavailable, either because they are unwilling or unable to perform because they lack the degree of experience, expertise, or specialization to handle the case properly." *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997); *see Greenpeace, Inc. v. Stewart*, 2020 U.S. App. LEXIS 15577 *4-5 (examining the application of rates outside the forum in the context of the EAJA, for a case brought against the U.S. Forest Service alleging violations of NEPA and NFMA).

Plaintiff searched for an attorney to take this case for nearly two years, and despite his great familiarity with attorneys who specialize in this area, was unable

to find an attorney in the Eastern District of Washington with the requisite experience, expertise, and specialization. Declaration of Timothy J. Coleman ¶ 5. Due to the unavailability of attorneys who do this work in eastern Washington, it would be appropriate to award reimbursement at non-forum rates.[1] However, the rates charged by Plaintiff's attorneys are also reasonable within the forum of eastern Washington, based on research of prior fee awards from this court, examination of fee tables, and information gathered from practitioners in the area. Declaration of Claire Loebs Davis ¶ 4.

### F. Plaintiff Seeks Reimbursement for Appropriate Time

The hours for which Plaintiff seeks reimbursement are reasonable, especially considering the exceptional results achieved in this case, the unique issues raised this matter, the scope of the case, the need to review and become familiar with the facts in an extensive agency record, and the length of time this litigation was.[2]

---

[1] The rates that Ms. Davis and Ms. Prezyna charged more than four years ago, doing similar work on behalf of Lane Powell, serves as a useful starting point for determining reasonable non-forum rates in the Seattle area. In 2019, Ms. Davis billed her time at $595/hour, while Ms. Prezyna billed her time at $665 an hour.

[2] The resolution of this case was delayed, in part, by months of settlement negotiations that were ultimately unfruitful, despite Plaintiff's willingness to settle for significantly less than what it ultimately achieved.

APP. FOR FEES AND COSTS    7

ANIMAL & EARTH ADVOCATES, PLLC
20520 105TH AVE SW
VASHON, WA 98070-6557
206.601.8476

Plaintiff's attorneys compiled the hours for which reimbursement is sought based on contemporaneous time records, and eliminated time for arguably non-compensable tasks, reduced time for inefficient work, and exercised billing judgment over the remaining hours. Plaintiff's attorneys also charged a lower rate for paralegal tasks, even though at the small firm of Animal & Earth Advocates, those task are usually performed by attorneys. The total fees and costs are reflected in Exhibit B.

Plaintiff seeks an award of attorneys' fees and costs under the EAJA in the total amount indicated in Exhibit B.

Respectfully submitted this 5th day of February 2024.

ANIMAL & EARTH ADVOCATES, PLLC

*s/ Claire Loebs Davis*
Claire Loebs Davis
20520 105thh Ave SW
Vashon, WA 98070-6557
Tel: (206) 601-8476
claire@animalearthlaw.com

*Attorney for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed with the Clerk of the Court on February 6, 2024, using the Court's electronic filing system, which will send notification of said filing to the attorneys of record that have, as required, registered with the Court's system.

*/s/ Ann E. Prezyna*
Ann E. Prezyna